1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                          **CENTRAL DISTRICT OF CALIFORNIA**

6

7   CAMERON ANTHONY MORRIS,                    No. CV 24-4036-RGK(E)

8          Plaintiff,

9      v.                                       ORDER DISMISSING

10  CALIFORNIA STATE PRISON,                    FIRST AMENDED COMPLAINT
    LOS ANGELES COUNTY, ET AL.,
11                                              WITH LEAVE TO AMEND
           Defendants.
12

13
         For the reasons discussed below, the First Amended Complaint is dismissed with leave to
14
    amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).
15
                                    **BACKGROUND**
16
         Plaintiff, a state prisoner confined to the California State Prison, Los Angeles County ("CSP-
17
    LAC"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2024.  The Court
18
    granted Plaintiff in forma pauperis status on June 5, 2024.
19
         Although somewhat difficult to decipher, the original Complaint appeared to allege the
20
    following:
21
         On April 15, 2024, at approximately 1:30 p.m., Plaintiff and fellow prisoner
22
    Keivon Swint "had a physical altercation" (Complaint, p. 7).[1]  Consequently, Plaintiff and
23
    Swint were placed in holding cells in the CSP-LAC Facility C gym pending interviews by
24
    supervisory staff (id., pp. 6-7).  At approximately 2:30 p.m., Correctional Officer M.
25
    Salazar opened Swint's holding cell to allow Swint to use the restroom (id., p. 8).  Salazar
26
    did not handcuff Swint or accompany him to the restroom (id.).  When Swint returned
27
    from the restroom, Swint "walked up to the Plaintiff's holding cage without any
28
    _____
         [1]    The Court uses the ECF pagination when referring to the Complaint or the First
    Amended Complaint.

'interference from custody,'" and spit on Plaintiff's face, hair and arms (id., pp. 8-9).

Salazar observed the spitting incident, but she allowed Swint to return to his holding cell

(id., p. 9).  Plaintiff asked Salazar to activate her institutional alarm, but Salazar walked

away and "maintained her silence" (id.).

In the original Complaint, it appeared that Plaintiff was attempting to assert an Eighth

Amendment claim for failure to protect Plaintiff from a serious risk of harm.

On June 13, 2024, the Court issued an "Order Dismissing Complaint with Leave to Amend"

("the previous Order").  The previous Order dismissed the original Complaint, inter alia, for failure to

comply with Rule 8, failure to state an Eighth Amendment claim and failure to state any section 1983

claim.

With regard to Rule 8, the previous Order explained:

> Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must contain
> a "short and plain statement of the claim showing that the pleader is entitled to relief."
> "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).
> "Experience teaches that, unless cases are pled clearly and precisely, issues are not
> joined, discovery is not controlled, the trial court's docket becomes unmanageable, the
> litigants suffer, and society loses confidence in the court's ability to administer justice."
> Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and
> quotations omitted); see Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) (a plaintiff must
> allege more than an "unadorned, the-defendant-unlawfully-harmed me accusation"; a
> pleading that "offers labels and conclusions or a formulaic recitation of the elements of
> a cause of action will not do") (citations and quotations omitted).
>
> The Complaint, which is replete with case citations and legal arguments, fails to
> comply with Rule 8.  See Osby v. Park Pictures, LLC, 2017 WL 374902, at *5 (C.D. Cal. Jan.
> 25, 2017) ("Legal argument, case citations and refutation of arguments that are
> anticipated are not necessary or appropriate in a pleading.") (citation and internal
> quotations omitted); Greenspan v. Admin. Office of the United States Courts, 2014 WL
> 6847460, at *5 n.10 (N.D. Cal. Dec. 4, 2014) ("Legal argument in a complaint is not

appropriate under federal pleading rules."); Harris v. Kim, 2009 WL 691975, at *3 (C.D.

Cal. Mar. 16, 2009) (legal argument and references to legal authorities in a complaint

are inappropriate).  The Complaint provides no clear chronology of the alleged events,

no coherent statement of Plaintiff's legal claim for relief and few understandable

allegations of facts supporting the claim.  Plaintiff's vague and conclusory allegations of

alleged wrongdoing do not suffice.  See Ashcroft v. Iqbal, 556 U.S. at 678, 686

(conclusory allegations are insufficient).  Thus, the Complaint is subject to dismissal for

failure to comply with Rule 8.  See id.; Patterson v. Old Republic Title Co., 2012 WL

2450710, at *2 (E.D. Cal. June 26, 2012) (dismissing complaint that was "disorganized to

the point of confusion" and failed to "contain a coherent . . . factual narrative" or a short

and plain statement of facts supporting each claim).

With regard to the Eighth Amendment, the previous Order explained:

   "The Eighth Amendment imposes a duty on prison officials to protect inmates

from violence at the hands of other inmates."  Cortez v. Skol, 776 F.3d 1046, 1050 (9th

Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)).  Prison officials can

violate the constitution if they are "deliberately indifferent" to a serious risk of harm to

the inmate.  See Farmer v. Brennan, 511 U.S. at 834; Estelle v. Gamble, 429 U.S. 97, 104

(1976); Cortez v. Skol, 776 F.3d at 1050.  To be liable for "deliberate indifference," a

prison official must "both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference."

Farmer v. Brennan, 511 U.S. at 837.  "[A]n official's failure to alleviate a significant risk

that he should have perceived but did not, while no cause for commendation, cannot . .

. be condemned as the infliction of punishment."  Id. at 838.  Allegations of negligence

do not suffice.  Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122,

1131 (9th Cir. 2000) (en banc).  "[A]n official's failure to alleviate a significant risk that he

should have perceived but did not, while no cause for commendation, cannot . . . be

condemned as the infliction of punishment."  Farmer v. Brennan, 511 U.S. at 838.

The Complaint contains no factual allegations plausibly demonstrating that Salazar subjectively perceived a substantial risk of serious harm to Plaintiff posed by allowing Swint to leave his holding cell and go to the restroom unaccompanied and without handcuffs while Plaintiff remained in a separate holding cell.  Plaintiff's conclusory accusations do not suffice.  See Ashcroft v. Iqbal, 556 U.S. at 678.

In addition, Plaintiff has not alleged any facts plausibly demonstrating that Plaintiff suffered physical injury from Swint allegedly spitting on Plaintiff.  To the extent that Plaintiff seeks redress only for alleged mental or emotional injuries, Plaintiff's claim fails as a matter of law.  See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . .").  Section 1997e(e) requires a plaintiff to show more than a de minimis physical injury in order to recover damages for mental or emotional injuries.  See Oliver v. Keller, 289 F.3d 623, 629-30 (9th Cir. 2002).

With regard to the failure to state any section 1983 claim, the previous Order explained:

Plaintiff appears to allege violations of state law and state prison regulations (see generally Complaint, pp. 5-9).  It is axiomatic that, to state a claim under section 1983, the plaintiff must allege a violation of a right secured by the federal constitution or federal law.  See Parratt v. Taylor, 451 U.S. 527, 535 (1982), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986) (en banc).  Plaintiff's allegations of violations of state law or prison regulations, policies or procedures do not suffice to plead a section 1983 claim.  See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (violations of California prison regulations "do not establish a federal constitutional violation") (citations omitted; emphasis in original); Cornejo v. County of San Diego, 504 F.3d 853, 855 n.2 (9th Cir. 2007) ("a claim for violation of state law is not cognizable under § 1983") (citation omitted); Lovell v. Poway Unif. Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the

1    deprivation of a state-created interest that reaches beyond that guaranteed by the

2    federal Constitution, Section 1983 offers no redress") (citation omitted); <u>Kitilya v. Cal.</u>

3    <u>Dep't of Corr. and Rehab.</u>, 2018 WL 3129816, at *2 (E.D. Cal. June 20, 2018) ("Section

4    1983 provides no redress for prison officials' mere violation of state prison

5    regulations.") (citations omitted).

6

7    On June 27, 2024, Plaintiff filed a First Amended Complaint based on the same April 15, 2024

8    incident described in the original Complaint.  In addition to invoking alleged violations of state law or

9    state prison regulations, policies and procedures, the First Amended Complaint again contains

10   conclusory assertions relating to section 1983.  The First Amended Complaint also attempts to allege

11   an "equal protection" claim.

12                                               **DISCUSSION**

13   The First Amended Complaint suffers from some of the same fundamental defects afflicting

14   the original Complaint.  Again, the First Amended Complaint improperly contains numerous case

15   citations and legal arguments.  Again, the First Amended Complaint fails to state an Eighth

16   Amendment claim (for the same reasons the original Complaint failed to do so).  The First Amended

17   Complaint again appears improperly to attempt to bootstrap alleged violations of state law or state

18   prison regulations, policies or procedures into a section 1983 claim.

19   The First Amended Complaint also fails to state an equal protection claim.  To state such a

20   claim, a plaintiff must allege facts showing that the plaintiff was intentionally treated differently from

21   others similarly situated and that there was no rational basis for the difference in treatment.  <u>See</u>

22   <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Barren v. Harrington</u>, 152 F.3d at 1194-95.

23   The First Amended Complaint fails to allege any facts plausibly suggesting that Defendant intentionally

24   treated Plaintiff differently from others similarly situated and that there was no rational basis for the

25   difference in treatment.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678-79 (conclusory equal protection claim

26   insufficient); <u>Oberdorfer v. Jewkes</u>, 583 Fed. App'x 770, 772-73 (9th Cir. 2014), <u>cert. denied</u>, 575 U.S.

27   984 (2015) (same).  Hence, Plaintiff has failed to state a cognizable equal protection claim.

28

**CONCLUSION AND ORDER**

The First Amended Complaint is dismissed.  Although Plaintiff appears to have failed to heed the previous Order, the Court will afford Plaintiff another opportunity to amend.  Absent extraordinary circumstances, this leave to amend will be Plaintiff's last opportunity to file an amended complaint complying with this Court's orders.

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Second Amended Complaint.  Any Second Amended Complaint shall be complete in itself and shall not refer in any manner to the original Complaint or the First Amended Complaint.  Plaintiff may not add Defendants without leave of Court.  See Fed. R. Civ. P. 21.  Failure timely to file a Second Amended Complaint in conformity with this Order may result in the dismissal of the action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (en banc) (affirming dismissal without leave to amend where plaintiff failed to correct complaint's deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave of amend appropriate where further amendment would be futile).[2]

IT IS SO ORDERED.

Dated: July 9, 2024

_____
 R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED this 1st day of
July, 2024, by:  ___    /S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]      Alternatively, if, as may be suggested at the bottom of page 5 of the First Amended Complaint, Plaintiff does not wish to amend, but rather wishes to "stand on" the First Amended Complaint and take an appeal from the dismissal of this action, Plaintiff may file a notice expressing such a desire within thirty (30) days from the date of this Order.